# Jefferson County Savings Bank v. Hewitt.

*Action of Assumpsit to recover Taxes paid under Duress.*

1. *Taxation of shares in corporation; construction of statute; constitutional law.*—By virtue of the statute approved February 18, 1895 (Acts of 1894-95, p. 1200), it is the duty of the tax-assessor to assess the shares of every incorporated bank or banking institution at their real value, against the share holder, which assessment is to be paid by such bank or banking institution for the shareholder; but this assessment does not relieve the bank of liability for the payment of taxes upon real estate owned by it and claimed to enter into the valuation of such shares; nor is the taxation of such shares and real estate unconstitutional as constituting double taxation.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought on March 28, 1896, by the appellant, the Jefferson County Savings Bank, against the appellee, Robert G. Hewitt, who was, at the time, tax collector of Jefferson county. The complaint contained two counts. The first count was as follows:
"The said plaintiff claims of the defendant the sum of $1,022.27, for money had and received by the defendant, on, towit, the 1st day of March, 1896; and plaintiff says that said sum of money was received by the said defendant, who was, at and before the time of receiving the

same, the tax collector of Jefferson county, Alabama, as State and county taxes, for the year 1895, which were illegally assessed against the plaintiff, and which said plaintiff paid to defendant under duress.'' The second count set out at length the facts and circumstances under which the money sued for was paid to the defendant, which facts are hereinafter contained in the agreed statement of facts. The defendant demurred to the second count of the complaint, on the ground that it failed to aver any facts showing that the collection by the defendant of the taxes for the recovery of which suit was instituted, was illegal. This demurrer was sustained, and to this ruling the plaintiff duly excepted.

The cause was tried by the court without the intervention of a jury, upon the following agreed statement of facts :   ''The plaintiff is a body corporate, organized under the corporation laws of Alabama, to do a banking business as a banker in Birmingham, Alabama, and its capital stock is $150,000, divided into 1,500 shares. The defendant is now and for many years has been the tax collector of Jefferson county, State of Alabama.

''The plaintiff in compliance with section 24, p. 1200 of the Act of the General Assembly of Alabama, for the session 1894-95 entitled 'An Act to amend the revenue laws of the State of Alabama,' approved February 18, 1895, furnished the tax assessor of said county a list showing the total number of shares of its capital stock, the full name and residence of every shareholder as far as was known to plaintiff and the actual market value of such shares, and the par value of a share, that is, the par value of each share was $100, and the date of the last sale of stock in such bank, the plaintiff, with the names of the seller and purchaser thereof ; the annual dividend declared on the stock of such bank for the last three years ; amount of the surplus, and the amount of the profits not included in the surplus ; the total amount of the assessed value of the said shares as assessed to the individual shareholders at their market value as aforesaid was $100,000 ; that plaintiff owned of real property which was assessed to it for said year 1895, by said tax assessor to the amount of $80,130. The market value of the shares of plaintiff's capital stock is based in part upon the amount of plaintiff's real property in which its original capital is invested ; and that in the prosecution

of its business its capital had been diverted into the real estate so assessed to it,. so that plaintiff's shareholders were assessed the full market value of their shares to be paid by plaintiff, $100,000; and plaintiff was assessed with the value of plaintiff's real property, $80,130. From the sum total of the value of the shares the value of the real estate was not deducted.

"The said defendant, on towit, the 27th day of March, 1895, demanded that the plaintiff should pay not only the tax, State and county, on the shares aforesaid of its shareholders, but also the tax assessed on the real property so assessed to plaintiff. Plaintiff offered to pay the tax, State and county, assessed against its shareholders on their several shares, as it was required by law to pay, and refused to pay the tax, State and county, assessed on its real property as aforesaid, on the ground that the shares held in plaintiff stood for all the property of every kind owned by the plaintiff, and it was not lawful to collect on both. The defendant refused this offer of plaintiff to pay only the tax assessed against its shareholders and thereupon levied upon, seized and took into his possession personal property of value sufficient to satisfy all the taxes aforesaid. Thereupon, under protest and as illegal, in order to procure a release of the property so seized by defendant, plaintiff paid not only the tax assessed upon the shares of its shareholders, but but also the tax assessed to plaintiff on its real property, the State and county tax on its real property amounting to $1,022.27. At the time of the payment of said sum of $1,022.27, plaintiff notified defendant not to pay said sum to State and county treasurers, and defendant now holds said sum of money."

Upon these facts the court rendered judgment in favor of the defendant, and to the rendition of this judgment the plaintiff duly excepted. The plaintiff appeals, and assigns as error the rulings of the court in sustaining the defendant's demurrer to the second count, and the rendition of judgment in favor of the defendant.

WARD & CAMPBELL, for appellant.—Banks are not taxed as other corporations. This court has said "that whenever the legislature levies a tax on property, the rate must be in exact proportion to the value of such property: If a tax is imposed on any species of prop-

erty, all property belonging to that species must be taxed at the same rate, whether it belongs to an individual, an association of persons, or to a private corporation. We mean by this, not only that in this regard natural persons, individuals or companies stand on the same footing with private corporations, but also that each individual association, or private corporation is, under our constitution, endowed with the same rights, and subject to the same burdens as are enjoyed or suffered by every other natural person, asssociation of persons, or private corporation."—*State Bank v. Board of Revenue*, 91 Ala. 217. The legislature has violated this rule.

"The intent to double tax must be clearly expressed." "The exercise of the power, if the legislature had it, is never presumed."—2 Thompson on Corporations, § 2814; *Smith v. Burley*, 9 N. H. 423; *Lenawee Sav. Bank v. Adrian*, 66 Mich. 273; *Valle v. Ziegler*, 84 Mo. 214; *Ogden v. St. Joseph*, 90 Mo. 522; *Amer. Bank v. Munford*, 4 R. I. 478.

"A construction of the law is not to be adopted that would subject the same property to be twice charged for the same tax, unless it was required by express words of the statute, or by necessary implication."—Cooley on Taxation, (2d ed.), 225; *Board of Rev. v. Gas Light Co.*, 64 Ala. 269.

The conclusion then, is that the statute contemplates taxing banks as bodies corporate by taxing the shares, as provided in the amendment to paragraph 8, section 453, Acts of 1894-95, p. 1200, § 24; 2 Thompson on Corporations, § 2817, 25 Amer. & Eng. Encyc. of Law, 67.

The presumption that the legislature did not intend a double tax is illustrated by Cooley on Tax., (2d. ed.), pp. 228-229, and note 1 on page 229. The value of the personal property owned by the corporation is included as a subject of taxation in the value of the shares: as in the case of banks, insurance companies, manufacturing corporations and railroads, as said in *Middlesex Railroad Co. v. Charlestown*, 8 Allen 330. So, to tax a bank on its property and also the stockholders on their shares was regarded as duplicate taxation, and not allowable under Maryland laws.—*Gordon v. Mayor*, 5 Gill 231; *Baltimore v. B. & O. R. R. Co.*, 6 Gill 288; *Railroad Cos. v. Gaines*, 97 U. S. 697; *Mobile & S. H. R. R. Co. v. Kennerly*, 74 Ala. 566.

[Jefferson County Savings Bank v. Hewitt.]

H. C. SELHEIMER and C. W. HICKMAN, *contra*.—1. Duplicate taxation is not necessarily unconstitutional. While it is not the policy of the law to tax the same property twice, and a construction of the tax laws that will have this effect will not be adopted unless it is required by the express words of the statute or by necessary implication, yet it is no objection to the validity of a tax that it reaches twice the same property for the same purpose.—Cooley on Taxation, (2 ed.), 219 *et seq;* 25 Amer. & Eng. Encyc. of Law, pp. 66 and 666 *et seq; Board of Rev. v. Montgomery Gas Light Co.*, 64 Ala. 269; *Ala. G. L. Ins. Co. v. Lott*, 54 Ala. 499.

2. Shares of stock in a banking corporation are a species of property separate and distinct from the capital stock of the bank, or the real estate in which the capital stock has been invested; and a tax on the shares of stock in the hands of the individual holders thereof *is not a tax on the capital stock*, or the real estate in which it has been invested. Hence the taxation of the real estate against the bank and of the shares of stock against the individual holders thereof is not duplicate taxation.—*Maguire v. Board of Revenue*, 71 Ala. 419; *Sumter Co. v. National Bank*, 62 Ala. 467; *VanAllen v. The Assessors*, 3 Wall. (U. S.) 573; Cooley on Tax., (2d ed.), p. 231; Desty on Tax., pp. 364–5.

3. It is competent to tax the real estate of a banking corporation against the corporation and at the same time tax the shares of stock against the individual holders thereof at their full market value without any deduction for the value of the real estate taxed.—*Maguire v. Board of Revenue*, 71 Ala. 419; *Sumter Co. v. National Bank*, 62 Ala. 464; *National Bank v. Mayor, &c.*, 62 Ala. 284; Cooley on Tax., (2d ed.), pp. 231 and 388; Desty on Tax., pp. 364–5; 25 Amer. & Eng. Encyc. of Law, pp. 666 *et seq.*

COLEMAN, J.—The plaintiff, the appellant, sued to recover back certain money alleged to have been paid to the defendant as tax collector, under duress, to prevent the sale and sacrifice of property which had been levied upon by the defendant as tax collector. The case made by the abstract presents the legality of the assessment of the real estate of the plaintiff. It is contended by appellant, first, that the assessment was not made accord-

ing to a proper construction of the statute ; and second, that if the statute authorized the assessment, it is unconstitutional and void. The second count of the complaint avers, and the facts show, that plaintiff is a body corporate, incorporated under the laws of Alabama, and engaged in the business of banking, with a capital stock of $150,000, divided into fifteen hundred shares. The bank furnished the tax assessor with a list of the shares, the name and residence of each shareholder, the market value of each share and par value, the annual dividends declared, the amount of surplus, and the undivided profits not included in the surplus, as required by statute. The evidence showed that in the prosecution of its business, the bank had become the owner of real estate of the value of about eighty thousand dollars ; that the market value of the shares of stock was based upon the value of the real estate of plaintiff, and it was the real estate, included with other property, that gave the shares their assessed value ; that the plaintiff paid the taxes assessed against the shares of stock of each shareholder, but refused to pay the assessment upon its real estate. The question then is, whether the statute authorized an assessment for taxes, both upon the shares, held by the shareholder, and upon the real property owned by the bank. Prior to the adoption of the act of 1894–95, the law providing for and regulating the assessment of taxes upon the real estate of banks and the shares of shareholders, was contained in paragraph 8 of section 453 of the Code of 1886. Under its provisions the shares of shareholders were ascertained, assessed and paid as under the present law. The law then in force required the assessor to deduct from the total sum assessed against all the shares, as a whole, the value of the real estate and personal property belonging to the bank, and the remainder after such deduction, was to be divided by the total number of shares, and the result should be the assessed value of each share for taxation. The law also provided that the value of the shares, so assessed, might be treated by the owner (not the bank) as solvent credits or credits of value, from which amount, he was authorized to deduct his own indebtedness. The present statute reads as follows : "Every share of any incorporated bank or banking association incorporated under the laws of this, or any other State, or of the

United States, whether the same be held or owned by residents, or non-residents of this State, to be assessed and collected in the county, city, town or village wherein such bank is located, and to be assessed at its actual market value to the person in whose name such share stands on the books of such bank, and not to the bank or corporation. It shall be the duty of the president and cashier of every such bank or banking association to make out and return under oath, on or before the 15th day of October in every year, to the tax assessor of the county in which the bank is located, a list showing the total number of shares of the capital stock of such banks, the full name and residence of every shareholder as far as known, and the actual market value of such shares and the par value of a share and the date of the last sale of stock in such bank with the names of the seller and purchaser thereof; the annual dividend declared on the stock of such bank for the last three years; the amount of the surplus, and the amount of undivided profits, not included in the surplus. Whereupon every share shall be assessed to the person to whom it belongs, at the market value, so sworn to, unless from other evidence the assessor believes it should be assessed at a higher valuation; and the bank or banking association shall pay for the shareholder the tax assessed against every shareholder in such bank."

Section 49, p. 1217, of the Acts of 1894-95, reads as follows:

"*Be it further enacted*, That nothing in this act shall be so construed as to exempt from taxation any property now subject to taxation under laws of Alabama, not specifically referred to, but all laws now in force designating the subjects of taxation, and all laws exempting property from taxation not inconsistent with the provisions of this act are continued in force and are not repealed."

That the real property owned by the bank was the subject of taxation, cannot be controverted.

It will be seen by the amendment above cited to subdivision 8 of section 453 of the Code of 1886, that the shareholder is assessed upon the real value of his share, without the deduction of the value of the real estate and personal property belonging to the bank as provided in said section 453, and without the privilege to deduct

therefrom the indebtedness of the shareholder. We add here that the present law makes no distinction between shareholders of bank stock and individuals owning other property with respect to the privilege of deducting their indebtedness, but all are taxed alike upon the assessed value of their property without regard to the indebtedness of the tax payer. The statute then clearly provides for the taxation of real estate at its value, and the separate taxation of the shares of the shareholder at the value of the shares. It is manifest that the tax assessor and collector construed the statute according to its terms and the evident intent of the legislature.

It is contended by appellant that the enforcement of the law, as thus construed, imposes a double taxation on property, in that the value of the real estate enters into and in large part constitutes the value of the share of the shareholder which is taxed at its full value, while the real estate is also separately taxed at its full value. So every debt secured by a mortgage on real estate may derive its entire value from the mortgage security, and yet no one ever supposed that the payment of taxes by the creditor upon the debt due him, as a solvent credit, released the mortgagor's land from taxation. The solvency of every credit is due to the ability of the debtor to pay, or the liability of his property to legal process. The question has been fully considered and settled, that the ownership of land by a corporation, is entirely separate from the ownership of shareholders of stock in the corporation. The former is realty, the latter is personalty under all circumstances. The corporation acting through the power conferred by its charter, disposes of its property absolutely. The shareholder disposes of his shares as he does of any other property he may own. The property of each which is taxable, is subject to taxation without regard to the other. The one may become insolvent, while the other is entirely solvent. A private corporation, like an individual, may invest its money in non-taxable property. When it does so, the property remains exempt from taxation. When the money of a private corporation is converted into or invested in taxable property, the property remains subject to taxation.—Desty on Taxation, 330; *Ib.* 371; *Maguire v. Board of Revenue,* 71 Ala. 401; *VanAllen v. The Assessor,* 3 Wall. 583. Many authorities might be cited to the proposition.

Affirmed.